# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID MLEZIVA,**

      Plaintiff,

  v.                                             **Case No. 05-C-1209**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security Administration,**

      Defendant.

## ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

On November 17, 2005, David Mleziva ("Mleziva"), who is proceeding pro se, filed a complaint against the defendant. Mleziva alleges that he was erroneously denied Disability Insurance Benefits. The parties have consented to this court's full jurisdiction and a briefing schedule on Mleziva's complaint was established. Mleziva was to file a brief in support of his position no later than January 30, 2005. As of that date, no brief was filed. However, because he is proceeding pro se, the court allowed Mleziva one last opportunity to file a brief and advised Mleziva that his brief must address the issues set forth in the court's briefing schedule. This required Mlezia to (1) briefly describe the outcome of the administrative proceedings, (2) state what facts he deems relevant, (3) set forth a summary of the physical and mental impairments that allegedly prevent him from working, (4) state the specific errors allegedly committed at the administrative level which entitle him to relief, and (5) state the relief sought. (Briefing Schedule Ltr. Nov. 11, 2005 at ¶ 2a-c.).

The only submission filed by the expiration of the extended deadline for Mlezia to file his supporting brief was a three-page document that is not comprehensible. The document appears to be a list of the contact information for physicians that treated Mlezia and a list of Mleziva's previous jobs. Claiming that Mleziva's submission does not qualify as a supporting brief, the defendant has filed a motion to dismiss. That motion will be granted.

It is incumbent upon Mleziva to demonstrate that he presented his claims to the Commissioner and that the Commissioner's unfavorable decision is final. In fact, pursuant to 42 U.S.C. § 405(g), which is the exclusive basis for this court's jurisdiction under the Social Security Act, a federal action must be commenced within sixty days "after any final decision of the Commissioner." Failure to comply with the requirements of § 405(g) means that the Commissioner has not waived its sovereign immunity and that this court lacks subject matter jurisdiction to address the plaintiff's case. See Jimenez v. Weinberger, 523 F.2d 689, 702 (7th Cir.1975)("[Section] 405(g) . . . operates as a waiver of sovereign immunity. . . . ").

Assuming that Mleziva did establish the court's jurisdiction, he must then indicate the precise basis upon which he alleges that the Commissioner's determination is erroneous. The requirements set forth in the court's briefing letter are intended to ensure that claimants adequately present their claims and also demonstrate the court's jurisdiction. Mleziva's submission falls far short of what would permit the case to go forward. This is particularly problematic because the Mleziva's complaint does not provide additional information that might adequately apprise the court of his position or its jurisdiction. In fact, the statement of claim set forth in Mleziva's complaint reads in full as follows:

> I have applied for Social Security Disability Insurance and have been denied. I have been denied on the basis of my conditions weren't severe enough. Would like reconsideration for approval since change in medical condition.

(Compl. at 3.).

With only the foregoing information of record, it appears that Mleziva may not have presented all of his claims to the Commissioner and the court's jurisdiction is uncertain. The review conducted by the court is to determine whether the decision of the Commissioner is supported by substantial evidence. It is not the court's role to "reconsider" the administrative decision, or to render its own de novo determination. It may be that a change in claimant's medical condition might warrant the submission of a new application for benefits. In any event, as for utilizing this federal forum for review, Mleziva has not adequately presented his claims to this court. Accordingly, the court is left with no alternative but to grant the defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss is hereby **granted,** without prejudice**.**

Dated at Milwaukee, Wisconsin this 2nd day of March, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge